IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ASOCIACION DE LABORATORIOS CLINICOS, et al.,**

**Plaintiffs,**

v.

**MEDICAL CARD SYSTEM INC., MCS ADVANTAGE INC., et al.,**

**Defendants.**

**CASE NO. 15-1099 (GAG)**

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiffs filed suit against MCS and MCS Advantage ("Defendants") alleging false commercial advertisement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) *et seq.*, breach of contract, tortious interference and requesting specific performance of contracts, invoking the Court's supplemental jurisdiction, as per 28 U.S.C. § 1367. (Docket No. 52.)

Defendants move to dismiss under FED. R. CIV. P. 12(b)(6), arguing Plaintiffs fail to state a plausible claim of false commercial advertising under Section 43(a) of the Lanham Act. (Docket No. 44.) Defendants further request the Court to dismiss Plaintiffs' state law claims brought under the Court's supplemental jurisdiction. Id.

Magistrate Judge Bruce McGiverin issued an elaborately-reasoned Report and Recommendation finding that Defendants' motion to dismiss should be granted, recommending dismissal with prejudice of Plaintiffs' Lanham Act claims and dismissal without prejudice of Plaintiffs' state law claims. (Docket No. 90.) Judge McGiverin reasoned that Plaintiffs failed to allege that Defendants made false or misleading representations intended to influence potential customers to purchase Defendants' goods or services. Therefore, Plaintiffs do not satisfy the

**Civil No. 15-1099 (GAG)**

four elements of a false advertisement claim. Specifically, the Magistrate Judge articulated that "the letters were sent only to patients that were already enrolled in an advantage plan" and because these were existing customers, "even drawing all inferences in Plaintiffs' favor, it is not plausible that defendants intended to gain new customers for their own goods and services," as provided by the four-part test first pronounced in <u>Gordon & Breach Science Publishers v. Americans Institute of Physics</u>, 859 F.Supp 1521 (S.D.N.Y. 1994), and adopted by the First Circuit in <u>Podiatrist Ass'n, Inc. v. La Cruz Azul De Puerto Rico, Inc.</u>, 332 F.3d 6, 19 (1st Cir. 2003). (Docket No. 90 at 20.)

Pursuant to Local Rule 72(a), Plaintiffs timely objected the R&R and request it should by vacated. (Docket No. 91). Their main argument is that the Court applied an erroneous standard for false advertising claims under the Lanham Act. <u>Id.</u> In the alternative, if the Court agrees with Judge McGiverin's reasoning, Plaintiffs request a *third* opportunity to amend their complaint. <u>Id.</u> Defendants responded to Plaintiffs' objections. (Docket No. 92.) Per leave of Court, Plaintiffs replied. (Docket No. 93.)

After careful review, the Court hereby **ADOPTS** Magistrate Judge McGiverin's R&R at Docket No. 90 and **GRANTS** Defendants' motion to dismiss at Docket No. 44. The Court's reasoning follows.

**I.     Standard of Review**

The District Court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B). Parties may file objections to a Magistrate Judge's R&R. Rule 59(b) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations." Upon a party's objection, the Court shall make a *de novo* review. "The

**Civil No. 15-1099 (GAG)**

district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." FED. R. CIV. P. 59(b)(3).

**II.     Discussion**

In Plaintiffs' objection to the R&R they argue the Magistrate Judge applied an erroneous standard for false advertising claims under the Lanham Act.  Specifically, that the standard applied in the R&R mistakenly added an additional element to their false advertisement claim. (Docket No. 91 at 11.)

The Magistrate Judge noted that to adequately state a claim of false advertising under 15 U.S.C. § 1125 (a)(1)(B),  a representation must: "(a) constitute commercial speech (b) [be] made with the intent of influencing potential customers to purchase the speaker's goods or services (c) by a speaker who is a competitor of the plaintiff in some line of trade or commerce and (d) [be] disseminated to the consuming public in such a way as to constitute 'advertising' or 'promotion.' Podiatrist Ass'n., 332 F.3d at 19.

According to Plaintiffs, the Supreme Court in Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1395 (2014) set a new standard for false advertising claims under the Lanham Act that eliminated the second prong of the above-cited test, requiring the representation be made with the intent of influencing potential customers to purchase the speaker's goods or services.

Plaintiffs' argument fails.  The Lexmark holding discussed, and was limited to, a party's *standing* to sue under Section 43(a) of the Lanham Act, not the elements of a false advertising claim under said statute.  As Defendants correctly state in their response, the Lexmark case did not modify, much less create a new test for false advertising claim under the Lanham Act.

3

**Civil No. 15-1099 (GAG)**

Gordon and Podiatrist remain good law. Accordingly, Plaintiffs' request for the Court to vacate the Magistrate Judge's R&R is **DENIED**.

### III.   Conclusion

After careful review, the Court hereby **ADOPTS** the R&R at Docket No. 90 in its entirety and **GRANTS** Defendants' motion to dismiss at Docket No. 44. Plaintiffs' Lanham Act claims are **DISMISSED with prejudice**. Plaintiffs' supplemental state-law claims are **DISMISSED without prejudice**.

**SO ORDERED.**

In San Juan, Puerto Rico this 2nd day of March, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge